FILED
07 OCT 30 PM 4:49
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JESSIE JAMES TAYLOR,

    Petitioner,

vs.

UNITED STATES PAROLE COMMISSION
and WARDEN, FEDERAL DETENTION
CENTER, DUBLIN, CALIFORNIA

    Respondents.

No. C 07-5290 JF

PETITION FOR WRIT OF HABEAS CORPUS OR MANDAMUS

**REQUEST FOR IMMEDIATE RELEASE OR IMMEDIATE PAROLE-REVOCATION HEARING**

## INTRODUCTION

Petitioner Jessie James Taylor, acting *in pro per*,[1] hereby petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2241 or, alternatively, a writ of mandamus under 28 U.S.C. § 1361 because the United States Parole Commission ["Commission"] has not provided him with a timely parole revocation hearing as required by the Constitution, statute and regulation. He thus is in custody in violation of the Constitution and federal law.

---

[1] This petition was prepared with the assistance of Colleen Martin, research attorney with the Federal Public Defender, 555 12th Street, Suite 650, Oakland, CA 94607, (510) 637-3500. The Federal Public Defender's office was appointed to represent Mr. Taylor in his federal parole-revocation proceedings under 18 U.S.C. §§ 3006A(a)(1)(I) and 4214(a)(2)(B).

TAYLOR HABEAS/MANDAMUS PETITION    1

## RELEVANT FACTS

Mr. Taylor currently is serving a 20-year federal sentence that was imposed before the United States Sentencing Guidelines took effect. On November 2, 2005, he was released from federal custody to serve the remainder of his sentence – until August 3, 2009 – on federal parole under the jurisdiction of the Commission.

On May 5, 2006, the Commission issued a warrant for Mr. Taylor's return to custody for violating the conditions of his parole. The warrant was based on two alleged administrative violations. Charge One alleged that Mr. Taylor failed to inform his supervising United States Probation Officer of a change in his residence, in violation of the conditions of his parole. Charge Two alleged that Mr. Taylor failed to appear for two meeting with his probation officer, also in violation of the conditions of his parole. All the alleged violation conduct occurred in April 2006.

On June 29, 2007, the United States Marshals executed the Commission's warrant and delivered Mr. Taylor to the Federal Detention Center in Dublin, California. He has remained in custody there on the Commission's warrant since that time.

Mr. Taylor had a preliminary interview, as provided for in the Fifth Amendment, *see Morrissey v. Brewer*, 408 U.S. 471, 485 (1972), 18 U.S.C. § 4214(a)(1)(A)[2] and 28 C.F.R. § 2.48(a), on August 2, 2007, more than a month after he was taken into custody on the warrant. At the preliminary interview, Mr. Taylor denied both charges and presented evidence that he had not, in fact, changed his residence, as alleged in Charge One, and that he had not been notified of at least one of the two meetings he is alleged in Charge Two to have missed. In the preliminary interview report, the probation officer found no probable cause for Charge One and no probable

---

[2] Although the statutes governing federal parole and the Commission were repealed, they remain in effect for people convicted of and still serving federal offenses committed before the effective date of the repeal, November 1, 1987. See Parole Commission Phaseout Act of 1996, Pub.L. No. 104-232, § 2(a), 110 Stat. 3055, 3055 (1996); *see also Benny v. United States Parole Comm'n*, 295 F.3d 977, 981 n.2 (9th Cir. 2002) (discussing application of repealed statutes to person still on federal parole).

TAYLOR HABEAS/MANDAMUS PETITION          2

1  cause for one of the two missed appointments alleged in Charge Two. At the preliminary
2  interview, Mr. Taylor requested a local revocation hearing, as provided for in 18 U.S.C. §
3  4214(a)(1)(B) and 28 C.F.R. § 2.49(a), to confront and cross-examine adverse witnesses and
4  present the testimony of witnesses on his own behalf, as provided for in the Fifth Amendment,
5  *see Morrissey*, 408 U.S. at 487, 18 U.S.C. § 4214(a)(2) and 28 C.F.R. § 2.50(c).

6  In late August, Mr. Taylor learned from the Commission that a local revocation would
7  not be scheduled until October 19, 2007, more than three months after he was taken into custody.
8  At that point, seeking an earlier resolution of the violation charges, Mr. Taylor changed his mind
9  and asked to be transferred for an institutional hearing under 18 U.S.C. § 4214(c) and 28 C.F.R.
10  § 2.49(d)(1). This request was communicated to the Commission via email on August 31, 2007,
11  and the Commission acknowledged receiving the request that day. In a September 4, 2007,
12  probable cause letter, the Commission stated that it had ordered Mr. Taylor's transfer for an
13  institutional revocation hearing.

14  On October 2, 2007, and without explanation, the Parole Commission issued another
15  probable cause letter, identical to the letter issued on September 4, 2007.

16  To date, Mr. Taylor has not been transferred, has not had a hearing and remains at FDC -
17  Dublin. Mr. Taylor has not consented to any delay in the revocation proceedings; on the
18  contrary, he has repeatedly expressed his wish to have this matter resolved promptly.

19  The Commission has violated the Fifth Amendment and its governing statute and
20  regulations by failing to address and resolve the parole-violation charges against him in a timely
21  manner. For the reasons stated herein, Mr. Taylor asks the Court to order his immediate release
22  from incarceration or, alternatively, to order the Commission to give him an immediate
23  revocation hearing.

24  **ARGUMENT**

25  This Court has jurisdiction to "determine whether the Commission exceeded its statutory
26  authority or acted so arbitrarily as to violate due process." *United States v. Benny*, 295 F.3d 977,

981 (9th Cir. 2002).

"A parolee's conditional liberty is entitled to due process protection under the Fifth and Fourteenth Amendments." *Id.* at 985. In *Morrissey*, the Supreme Court discussed the procedural rights the Due Process Clause of the Constitution guarantees to parolees facing revocation of their parole. 408 U.S. at 485-89. At a minimum, parolees are entitled to, among other things,

> an opportunity for a hearing, if it is desired by the parolee, prior to the final decision on revocation by the parole authority. This hearing must be the basis for more than determining probable cause; it must lead to a final evaluation of any contested relevant facts and consideration of whether the facts as determined warrant revocation. The parolee must have an opportunity to be heard and to show, if he can, that he did not violate the conditions, or, if he did, that circumstances in mitigation suggest that the violation does not warrant revocation. The revocation hearing must be tendered within a reasonable time after the parolee is taken into custody.

*Id.* at 488.

Consistent with *Morrissey*, the federal statute and regulations that govern the Commission set time limits for holding institutional parole-revocation hearings. Specifically, the Commission is required to hold a revocation hearing "within ninety days of the date of retaking." 18 U.S.C. § 4214(c); *see also* 28 C.F.R. § 2.49(f) (institutional hearing "shall be scheduled to be held within ninety days of the date of the execution of the violator warrant").

The Commission has failed to comply with this clear statutory and regulatory requirement. The Commission has not given Mr. Taylor a parole-revocation hearing within the time limit prescribed by statute and regulation. He already has been in custody for more than 90 days; he has not yet been transferred for an institutional revocation hearing nor, to his knowledge, has a hearing been scheduled.

The Commission also has violated Mr. Taylor's due process rights by not starting and completing the revocation process within a reasonable time after the alleged violations occurred. By the time Mr. Taylor was taken into custody on the Commission's warrant, more than 14 months has passed since the alleged conduct that gave rise to the parole-violation charges. Now

more than 18 months have passed since he allegedly failed to report a change of address and missed two meetings with his probation officer.

Mr. Taylor has suffered prejudice from this excessive delay. Memories of these events have faded. Mr. Taylor has lost the opportunity to offer both his own explanation of what happened during those few days in April 2006 and witnesses who could have corroborated his account. He also has lost the opportunity effectively to cross-examine the key witness against him, the probation officer, who cannot be expected to remember what steps, if any, he took to notify Mr. Taylor of scheduled meetings more than a year and a half ago.

Mr. Taylor's due process, statutory and regulatory rights have been violated by the Commission's conduct. The Court should order the Commission to release him from custody immediately or, alternatively, hold a revocation hearing immediately.

## CONCLUSION

For the reasons stated above, Mr. Taylor respectfully asks the Court to grant his petition for a writ of habeas corpus and order his immediate release from custody or, alternatively, grant his petition for a writ of mandamus and order the Commission to hold an immediate parole-revocation hearing.

Dated:

Respectfully submitted,

JESSIE JAMES TAYLOR, Petitioner

Reg. No. 78939-011
FDC - Dublin
5601 8th Street
Camp Parks
Dublin, CA 94568