UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff and Respondent,

    v.

JESSIE TAYLOR,

    Defendant and Petitioner.
_____/

No. C 07-5290 PJH/
CR 85-00929 CAL

**ORDER TO SHOW CAUSE**

Petitioner Jesse Taylor ("Taylor") is currently serving a sentence, imposed by the Honorable Charles Legge, CR 85-00929 CAL, at a federal correctional institute in Dublin, California. On October 17, 2007, Taylor filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, or alternatively for a writ of mandamus under 28 U.S.C. § 1361. The case was originally assigned to the Honorable Jeremy Fogel in this court's San Jose Division, but was subsequently reassigned to the undersigned judge on December 5, 2007.

Review of the execution of a sentence is properly brought as a petition under 28 U.S.C. § 2241. *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984). In order to challenge a sentence under 28 U.S.C. § 2241, the petitioner must: (1) attack the *execution* of the sentence; and (2) the institution where he is confined must also lie within the district court's jurisdiction. *Id.* Section 2241 provides as follows:

>(c) The writ of habeas corpus shall not extend to a prisoner unless (1) He is in custody under or by color of the authority of the United States or is committed to trial before some court thereof . . . or (3) He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(1), (3).

Although Taylor states that his petition raises claims under § 2241, it actually appears to raise claims under both §§ 2241 *and* 2255. The Ninth Circuit has held that in contrast to § 2241, "by its plain terms, § 2255 is available [] to defendants who are in custody and claiming the right to be released." *United States v. Kramer*, 195 F.3d 1129, 1130 (9th Cir. 1999). Section 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

Based on his handwritten petition, Taylor's §§ 2241 and 2255 claims are as follows: (1) that he received ineffective assistance of counsel when his counsel failed to "block" the severance of his co-defendant; and (2) that the United States Parole Commission ("Commission") violated his due process rights when it extended his parole term without holding a hearing. Taylor appears to raise a third claim in a type-written petition that accompanies his handwritten petition. It is unclear to the court whether that claim is related to or the same as the second claim in his handwritten petition. That claim appears to be that the Commission violated Taylor's Fifth Amendment due process rights when it failed to address and resolve parole violation charges against him in a timely manner.

Liberally construed, these claims appears colorable under 28 U.S.C. §§ 2241 and 2255 and merit an answer from respondent.

Good cause appearing, Taylor's application for in forma pauperis status, filed with this court on October 30, 2007 is GRANTED.

**CONCLUSION**

For the foregoing reasons and for good cause shown:

1. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto upon respondents. The clerk shall also serve a copy of this order on petitioner.

2

2.    Respondents shall file with the court and serve on movant, within 30 days of the date of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2255 Proceedings, showing cause why the court should not " vacate, set aside or correct the sentence" being served by movant.  The answer should also address Taylor's § 2241 claim.

3.    If the Taylor wishes to respond to the answer, he shall do so by filing a reply with the court and serving it on respondent within 30 days of his receipt of the answer.

**IT IS SO ORDERED.**

Dated: December 10, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge