JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

OWEN P. MARTIKAN (CSBN 177104)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102
    Telephone: (415) 436-7241
    Facsimile: (415) 436-7234
    owen.martikan@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JESSIE JAMES TAYLOR, <br><br> Defendant. | No. C 07-5290 PJH <br> Related: CR 85-0929 CAL <br><br> THE UNITED STATES' RESPONSE TO HABEAS PETITION UNDER 28 U.S.C. § 2241 AND MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 |

**INTRODUCTION**

Defendant Jessie James Taylor brings this habeas petition under 28 U.S.C. § 2241 and motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 to challenge the U.S. Parole Commission's extension of his parole, and to challenge his lawyer's alleged ineffective assistance of counsel for failing to challenge the severance of his case from that of his co-defendant.

The Court should deny Taylor's motion under 28 U.S.C. § 2255 because it is untimely, and because Taylor has failed to allege any facts to support his claim. The Court should deny Taylor's petition under 28 U.S.C. § 2241 because the Parole Commission properly exercised its

discretion in denying Taylor credit for time spent on mandatory release before his mandatory release was revoked for – among other things – robbing a woman by threatening to kill her with a hammer.  Taylor also complains that the Parole Commission's hearing on a 2006 parole violation was untimely, but this issue is moot because the Parole Commission held the hearing and decided in Taylor's favor.

## STATEMENT OF FACTS

Jessie James Taylor was convicted of bank robbery on April 18, 1986.  Exhibit A, Bureau of Prisons Sentence Monitoring Computation Data.

In 1992, the Parole Commission conducted a parole hearing for Taylor, determined that he should not be paroled, and decided to continue Taylor's custody to his mandatory release date in 1998.  Exhibit B, Notice of Action.  The National Appeals Board affirmed this decision in substance.  Exhibit C, Notice of Action on Appeal.

On February 27, 1998, Taylor was released from custody to supervision as if on parole under 18 U.S.C. § 4163.  Exhibit D, Certificate of Mandatory Release.  Taylor was to remain on supervision until April 9, 2005.[1]

Several months after his release, Taylor violated the conditions of his mandatory release by failing to report a change in his employment and residence to his Probation Officer ("USPO"), and for failing to submit supervision reports.  On August 27, 1998, the Parole Commission issued a warrant for Taylor's arrest based on these violations.  Exhibits E & F.  On August 1, 2002, the Commission supplemented the charges on its warrant with the charge that Taylor had committed attempted robbery and attempted grand theft by threatening to kill a woman with a hammer if she didn't give him money.  See Exhibit F at 2.  Taylor was convicted of attempted grand theft and sentenced to 18 months in state custody.  *Id*.

On December 13, 2002, a Parole Commission hearing examiner conducted petitioner's revocation hearing based on the 1998 and 2002 charges.  Exhibit G, Hearing Summary.  During

---

[1] On mandatory release, Taylor was subject to all the requirements that pertain to a parolee.  18 U.S.C. § 4164 (stating that prisoners on mandatory release under § 4163 must complete their sentences "as if released on parole.").

C 07-5290 PJH
RESPONSE TO HABEAS PETITION                2

1   the hearing, Taylor denied committing attempted robbery but admitted the other violations.  *Id*.
2   at 4.  Based on this hearing, the Parole Commission decided on January 9, 2003 to revoke
3   Taylor's mandatory release, forfeit all of the time that Taylor had previously spent on mandatory
4   release, and grant parole on November 2, 2005 after Taylor had served 60 months in custody.[2]
5   Exhibit H.  The Parole Commission issued a corrected decision on October 16, 2003 that allowed
6   Taylor approximately three months of credit for time served in custody after he had completed
7   his state sentence.  Exhibit I.
8       The National Appeals Board affirmed this decision.  See Exhibit J.
9       Petitioner was released on parole on November 2, 2005.  See Exhibit K.  According to his
10  certificate of parole, Taylor was subject to supervision until the expiration of his sentence on
11  August 3, 2009.  This sentence expiration date was recalculated by the Bureau of Prisons based
12  upon the Commission's discretionary decision to forfeit the time that petitioner had spent on
13  mandatory release before the release was revoked in 2003.  See Exhibit A at 2.
14      Less than six months after his release on parole, Taylor violated his parole conditions by
15  failing to report a change in residence to his USPO, and for failing to report to his USPO as
16  directed.  Exhibit M.  On May 5, 2006, the Parole Commission issued a warrant for his arrest.
17  Exhibit L.  Taylor was taken into custody pursuant to this warrant on June 29, 2007.  See Exhibit
18  L at 2.
19      On November 30, 2007, a Commission hearing examiner conducted Taylor's revocation
20  hearing.  Exhibit N, Hearing Summary.  Taylor objected to the delay in his revocation hearing,
21  but the hearing examiner overruled the objection, finding that the delay was partly due to
22  Taylor's indecision concerning whether he wanted a fully contested local revocation hearing or
23  an institutional revocation hearing, which required the Bureau of Prisons to designate an
24  institution for the hearing.  *Id*. at 1-2.  At the conclusion of the hearing, the hearing examiner
25  found that Taylor had failed to report to his USPO as directed, but found insufficient evidence to
26  conclude that Taylor had changed his residence without notifying his USPO.  *Id*. at 3-4.  The

---

[2] The practice of forfeiting time previously spent on parole or mandatory release is also known as "forfeiting street time."

C 07-5290 PJH
RESPONSE TO HABEAS PETITION                3

hearing examiner decided against revocation of Taylor's parole. *Id*. at 4. The hearing examiner recommended that Taylor be released from the custody of the Commission's warrant and reinstated to parole supervision.

The Commission agreed with the hearing examiner's recommendation and on November 30, 2007, issued its decision to release Taylor from its warrant and to reinstate him to supervision. Exhibit O. Taylor is now on parole until August 3, 2009.

## ARGUMENT AND AUTHORITIES

The Court should deny Taylor's motion under 28 U.S.C. § 2255 because he brought it over ten years too late. Taylor did not appeal his conviction, which became final in April, 1986. The Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective on April 24, 1996. Thus, Taylor had until April 24, 1997 to bring this action. Furthermore, Taylor cannot rest his insufficient assistance of counsel claim on the bald assertion that his trial lawyer made a tactical mistake.

The Court should deny Taylor's petition under 28 U.S.C. § 2241 because the Parole Commission properly exercised its discretion in forfeiting the time that Taylor had spent on mandatory release status before violating the conditions of that release. Also, Taylor's claim that the Parole Commission's 2007 parole revocation hearing is moot, as the hearing was decided in his favor.

**I.   TAYLOR'S § 2255 MOTION IS UNTIMELY.**

Under 28 U.S.C. § 2255, a defendant must file a motion within one year of the latest of four dates: (1) the date on which the judgment of conviction became final; (2) the date on which some governmental impediment to filing the motion was removed; (3) the date on which the right asserted was recognized by the United States Supreme Court, if the right applies retroactively; or (4) the date on which facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. Taylor's judgment of conviction became final ten days after his sentencing in April, 1986, due to his failure to appeal. *United States v. LaFromboise*, 427 F.3d 680, 683 (9th Cir. 2005) (defining finality of conviction). Because Taylor does not allege that some governmental impediment prevented him from filing his motion, or

1  that his motion is based on some newly recognized right or newly discovered fact, his claim
2  accrued at that time.
3        The one-year statute of limitations for motions under 28 U.S.C. § 2255 was enacted as
4  part of the AEDPA, which was signed into law on April 24, 1996. *United States v. Flores*, 135
5  F.3d 1000, 1001 (5th Cir. 1998). The Ninth Circuit, like every other Circuit that decided the
6  issue, has held that prisoners whose claims accrued prior to the AEDPA effective date were
7  entitled to a one-year "grace period" in which to file their motions. *TwoRivers v. Lewis*, 174
8  F.3d 987, 996 n.7 (9th Cir. 1999); *United States v. Cicero*, 214 F.3d 199, 202 (D.C. Cir. 2000)
9  (collecting Circuit Court authorities on this issue). Thus, Taylor should have filed a motion
10 asserting his claims under 28 U.S.C. § 2255 by April 24, 1997.
11       Because Taylor filed this motion over ten years after the expiration of the statute of
12 limitations, the Court should conclude that it is untimely.
13 **II.    TAYLOR'S INEFFECTIVE ASSISTANCE CLAIM IS MERITLESS.**
14       Taylor claims that he was the victim of ineffective assistance of counsel because his
15 lawyer failed to challenge the severance of his and his co-defendant's cases. The Court should
16 reject this claim because Taylor cannot meet the standard for establishing ineffective assistance
17 of counsel.
18       The Supreme Court held in *Strickland v. Washington*, 466 U.S. 668, 687 (1984), that the
19 "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so
20 undermined the proper functioning of the adversarial process that the trial cannot be relied on as
21 having produced a just result." Thus, the Supreme Court requires that a defendant asserting
22 ineffective assistance of counsel show that his counsel made errors so serious as to not be
23 functioning as "counsel" within the meaning of the Sixth Amendment. *Id*. Also, the defendant
24 must show that the errors were sufficiently serious to deprive the defendant of a fair and reliable
25 trial. *Id*.
26       Taylor has not met this standard. As an initial matter, Taylor makes only conclusory
27 allegations, without any specific factual support. The Ninth Circuit has held that "conclusory
28 allegations which are not supported by a statement of specific facts do not warrant habeas relief."

*James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994). On this basis alone, the Court should reject Taylor's claim.

Taylor also fails to show how severance prejudiced his defense, or deprived him of a fair and reliable trial. Defendants in multiple-defendant criminal cases generally request severance, so that testimony or evidence relating to one defendant does not prejudice co-defendants in the same trial. The mere fact that Taylor was convicted does not suggest that all of his lawyers tactical decisions were mistaken, only that the jury thought he was guilty beyond a reasonable doubt.

The Court should deny Taylor's petition under 28 U.S.C. § 2255.

### III. THE PAROLE COMMISSION PROPERLY EXERCISED ITS DISCRETION WHEN IT FORFEITED TAYLOR'S STREET TIME.

Taylor claims, without further explanation, that the Parole Commission violated his due process rights when it extended his parole by forfeiting his mandatory release time served before he was arrested on his first parole revocation. The Court should reject this claim, because the record shows that Taylor received a full hearing, and the Parole Commission properly exercised its discretion.

The Ninth Circuit has held that the Parole Commission may make a discretionary decision to forfeit a parole violator's "street time," that is, time spent on parole or supervised release before violating release conditions. *Rizzo v. Armstrong*, 921 F.2d 855, 861 (9th Cir. 1990). The Parole Commission's regulations provide guidelines for how to exercise this discretion:

> The Commission's policy shall be to consider granting credit for time on parole in the case of a parole violator originally classified in the very good risk category (pursuant to 28 C.F.R. §2.20) if the following conditions are met. The conviction must not be for a felony offense. The parole violation behavior (the offense of conviction plus any other violations) must be non-violent, and not involved a repeat of the parole violator's original offense behavior. Further, an adequate period of reimprisonment pursuant to the reparole guidelines at 28 C.F.R. §2.21, and an adequate period of renewed supervision following release from reimprisonment or reinstatement to supervision, must be available without forfeiting street time. In the case of a parole violator originally classified in other than the "very good" risk category, it shall be the Commission's policy to order the forfeiture of all time spent on parole absent extraordinary circumstances. In no instance will the Commission grant credit in the case of a repeat violator on

the current sentence.

28 C.F.R. § 2.52. The Parole Commission's decision in Taylor's case was consistent with these guidelines. Taylor was not originally classified in the "very good" risk category, which would result in the forfeiture of all time spent on parole "absent extraordinary circumstances."[3] Taylor's parole violation also included a violent felony relating to robbery (threatening to kill a woman if she didn't give him money), and thus was a repeat of his earlier offense behavior. All of these circumstances virtually mandated that the Parole Commission forfeit Taylor's parole time; indeed, the Parole Commission would have departed from its regulations had it not acted as it did.

The record also shows that Taylor received a full hearing before his parole was revoked, and that he was represented by counsel. Taylor points to no procedural defect in his parole revocation proceedings.

The Court should reject Taylor's argument that the Parole Commission violated his due process rights when it decided to forfeit his time spent on mandatory release.

## IV.     TAYLOR'S CLAIM OF PAROLE COMMISSION DELAY IS MOOT.

Taylor claims that the Parole Commission unreasonably delayed the November, 2007 hearing on his most recent parole violations. This argument lacks merit for three reasons. First, the argument is moot because the hearing took place and was decided in Taylor's favor. Second, Taylor cannot show prejudice from the delay. Third, the delay was due, in part, to Taylor's own conduct.

A habeas petition is moot when there is no longer a case or controversy and the claimed injury is unlikely to be redressed by a favorable judicial decision. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). The Ninth Circuit has held that a prisoner's release moots a challenge to the denial of parole. *Brady v. U.S. Parole Commission*, 600 F.2d 234, 236 & n.2 (9th Cir. 1979). In this case,

---

[3] The Parole Commission considers a parolee to be a "Very Good" risk if the parolee has a "salient factor" score of 8 to 10. The last page of the document at Exhibit H shows how the salient factor score is calculated. Larger numbers are better, and 10 appears to be the best possible score. Taylor's original salient factor score was 0. Exhibit C.

C 07-5290 PJH
RESPONSE TO HABEAS PETITION                7

Taylor was given a Parole Commission hearing, and in November 2007, the Parole Commission decided in Taylor's favor and ordered his release on parole. Exhibit O. The Court should conclude that Taylor's delay claim is moot.

Where a habeas petitioner claims unreasonable delay of a parole revocation hearing, the petitioner must show prejudice from the delay. *Whitlow v. Bellotti*, 508 F.Supp.2d 108, 111 (D. Mass. 2007). Examples of potential prejudice from delay include the unavailability of witnesses or evidence, or other events that caused the petitioner difficulty in contesting the alleged violation. *Id*. In this case, because Taylor received a favorable outcome after the hearing, the Court should find that he cannot show prejudice.

Finally, the Parole Commission noted that the delay in beginning Taylor's parole revocation hearing was due in part to Taylor's own indecision regarding the type of hearing he wanted. Exhibit N. The Court should find that Taylor does not have a cognizable claim regarding the delay in his parole revocation hearing.

## CONCLUSION

Taylor's motion under 28 U.S.C. § 2255 is untimely and lacks merit. Taylor's motion under 28 U.S.C. § 2241 fails to show that the Parole Commission's decision to extend Taylor's parole by forfeiting his "street time" was outside statutory or constitutional bounds, and Taylor's delay argument is moot.

The Court should deny Taylor's petition.

DATED: January 9, 2008                Respectfully submitted,

                                      JOSEPH P. RUSSONIELLO
                                      United States Attorney


                                          /s/ Owen Martikan
                                      OWEN P. MARTIKAN
                                      Assistant United States Attorney