# EXHIBIT F

# U.S. DEPARTMENT OF JUSTICE
## UNITED STATES PAROLE COMMISSION

**WARRANT APPLICATION**

| | |
|---|---|
| Case Of .................... Taylor, Jessie James | Date ............................. August 27, 1998 |
| Reg. No ..................... 78939-011 | M.R. Termination Date ................. October 6, 2005 |
| FBI No ...................... 368 189 R9 | Violation Date ..................... June 28, 1998 |
| Birth Date ................... December 21, 1958 | Released ........................ February 27, 1998 |
| Race ........................ Black | |
| Sentence Length .............. 20 years (aggregate) | |
| Original Offense ............. Bank Robbery and Conspiracy/Fraud | |

You shall, unless you have been convicted of a new offense, be given a preliminary interview by an official designated by a Regional Commissioner to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing.

At your preliminary interview and any subsequent revocation hearing you may present documentary evidence and voluntary witnesses on your behalf, and, if you deny the charge(s) against you, you may request the presence of those who have given information upon which the charges are based. Such witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or other representative of your choice, or, if you are unable to pay for counsel, an attorney will be provided by the U.S. District Court if you fill out and promptly return a Form CJA-22 to a U.S. Probation Officer.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole or mandatory release, in which case the Commission will also decide when to consider you for further release.

If you have been convicted of a new offense (committed while on parole) which is punishable by a term of imprisonment, you will not receive sentence credit for the time you spent on parole. Exception: for cases heard in the 9th Circuit beginning on October 22, 1990, the Commission will exercise discretion, in accordance with 28 C.F.R. 2.52 (Appendix), prior to ordering the forfeiture of sentence credit for the time spent on parole. If the Commission finds that you absconded or otherwise refused to submit to parole supervision, the Commission may order that you not receive credit toward service of your sentence for that amount of time. (If your original sentence was imposed for violation of the District of Columbia Criminal Code, you will not receive credit for time spent on parole regardless of whether or not you have been convicted of a crime.)

A special parole term violator whose parole is revoked shall receive no credit for time spent on parole.

**CHARGES:**

Charge No. 1 - **Failure to Report Change in Employment.** On or about 6/26/98, subject terminated his employment at *Tandom Industries*. On 7/28/98, USPO Messner was advised by a representative of *Tandom Industries* that subject left employment with their company on 6/26/98. Subject failed to advise his USPO of his change in employment. This charge is based on information contained in the letter dated 8/21/98 from USPO Mark Messner.
I ADMIT [ ] or DENY [ ] this charge.

Charge No. 2 - **Failure to Submit Supervision Reports.** Subject has failed to submit his required monthly supervision report to his USPO for the month(s) of July 1998. This charge is based on information contained in the letter dated 8/21/98 from USPO Messner.
I ADMIT [ ] or DENY [ ] this charge.

Charge No. 3 - **Failure to Report Change in Residence.** On or about 8/4/98, USPO Messner learned that subject had moved from his last reported residence at 8701 Hillside Avenue, #217, Oakland, California 94608, on or before 8/4/98. USPO Messner made an onsite visit to the address on 8/4/98 and observed an eviction notice posted that stated the residence had been restored to the judgment creditor as of 8/4/98. Subject has failed to advise his USPO of his current address and his whereabouts are unknown. This charge is based on information contained in the letter dated 8/21/98 from USPO Messner.
I ADMIT [ ] or DENY [ ] this charge.

Preliminary Interview Is Required

Warrant Recommended By:

*Mary Jo Williams*
Mary Jo Williams, Case Analyst
U.S. Parole Commission,

Warrant Issued........................August 27, 1998

Probation Office Requesting Warrant..Northern District of California (Oakland)
( ) Commission     ( ) Inmate     ( ) Institution     ( ) USPO     ( ) Interviewing Officer     ( ) Chron

EXHIBIT F

---

**Jessie James Taylor  Reg. No. 78939-011**
**Warrant Application**
**Page 1 of 1**

U.S. DEPARTMENT OF JUSTICE          SUPPLEMENT
UNITED STATES PAROLE COMMISSION

Name ..........................Taylor, Jessie
Reg. No .......................78939-011
FBI No.........................368189R9
Birth Date....................12-21-58
Race............................Black
Date ............................August 1, 2002

**CHARGES:**

**Charge No. 4 - Law Violations – a) Attempted Robbery, b) Attempted Grand Theft.** On 9-10-98, the subject attempted to rob the victim, Geraldine Miller, by demanding money while threatening her with a hammer. The subject then threatened to kill her if she didn't go get her money. The subject was arrested by the Oakland, California, Police Department for 4a above on the same date. This information is contained in the police report dated 9-10-98. On 1-20-99, the subject was convicted by the Alameda County, California, Superior Court for the amended charge 4b above and sentenced to 18 months. This information is contained in the Judgment dated 1-20-99. Status of Custody/Criminal Proceedings: The subject was convicted of Attempted Grand Theft and was in state custody from 9-10-98 until being paroled on 8-11-99.
4a I ADMIT [ ] or DENY [ ] this charge.
4b I ADMIT [ ] or DENY [ ] this charge.

Warrant Issued ...........August 27, 1998
District Sent To ..........Northern District of California

Warrant Recommended By:

*Scott K*

Scott Kubic, Case Analyst
U.S. Parole Commission

Taylor, Jessie
Reg. No. 78939-011
Warrant Application Supplement
Page 1

Queued: 08-01-2002 15:31:28 BOP-Dublin FCI | USPO-Northern District of California, Oakland |