# EXHIBIT J

 

U.S. Department of Justice  
United States Parole Commission  
5550 Friendship Boulevard  
Chevy Chase, Maryland 20815-7201

**Notice of Action on Appeal**

---

Name: Taylor, Jessie                                   Institution: Dublin FDC (Jail)

Register Number: 78939-011                     Date:      June 5, 2003

---

The National Appeals Board examined the appeal of the above named and ordered the following:

Affirmation of the previous decision.

**REASONS**:

The National Appeals Board finds no merit in your claim that you should have received credit toward your reparole guidelines for the time you spent in custody on two state parole violations. You were confined because you violated a condition of your state parole by failing to report to your state parole officer. You are not entitled to credit for that time in custody because your failure to report to your state parole officer was not conduct considered in assessing your offense severity. See paragraph 2.20-03 of the Commission's Rules and Procedures Manual.

The National Appeals Board finds no merit in your due process claim that the Commission unreasonably delayed holding your revocation hearing. There are three factors for evaluating such a claim: (1) the length of the delay (2) the reason for the delay (3) and prejudice to the defendant.

Length of the Delay and Reason for the Delay: The Board acknowledges that there was a considerable delay between the date you completed your sentence on the new conviction and your hearing, but the Commission did not cause most of the delay. The initial warrant alleging technical charges was issued before you were arrested on the attempted robbery charge in Alameda County. The Commission was not notified of your new state conviction for attempted theft until May 2002, after you had been convicted in state court, served your state sentence, served two state terms for violating your state parole, and had your preliminary interview on the technical charges at Dublin. A review of the circumstances beginning in July 1998, shows that your failure to comply with your conditions of parole contributed significantly to the length of time between your new conviction and your hearing.

A standard condition of release requires a parolee to "get in touch within two days with his probation officer or office if he is arrested . . ." You were already in absconder status when you were arrested on the attempted robbery. At your violation hearing, you admitted that you failed to report to your federal probation officer, and there is no record in the file or in your appeal that you contacted your federal probation officer within two days of your arrest in Alameda County. Indeed, at your preliminary interview in March 2002, neither you nor your attorney informed the Commission of your state conviction, sentence, and two state parole violation terms. The Commission was obviously unaware of your new conviction, because in March 2002, the Commission proposed an expedited revocation hearing based only on the technical charges, including no credit from 8/4/98-12/25/01 because of your "absconder status." It was not until 5/2/02, that your attorney informed the Commission of your 10/98 conviction and your subsequent terms in and out of California State prisons, and she requested that you receive credit from all your street time from 8/11/99 when you were released from your sentence on the theft charge.

**EXHIBIT J**

---

Taylor 78939-011                                   -1-                                   Clerk:   DLG

The Commission then had to secure information from California about your charges before supplementing the warrant on 8/1/02. The Commission scheduled a local hearing for 9/3/02. At your attorney's request, the Commission postponed the hearing until 10/23/02. Your attorney then requested a second continuance, and the hearing was again postponed until 12/13/02.

Prejudice: You claim that you were prejudiced by the loss of a favorable witness, but your proffer regarding her testimony does not rebut the finding that an attempted robbery occurred. In fact, her testimony that the witness observed you arguing about money supports the robbery charge instead of the attempted theft conviction you received through a plea bargain. You also claim that you were prejudiced because you were unable to confront the victim of the robbery at the local hearing and that her statements at the preliminary hearing were inconsistent with statements she gave to the police officers. The record indicates that the court did not dismiss or reduce the charges following the preliminary hearing, where you did have a right to cross examine the witness. The Board finds reasonable the hearing examiner's finding of an attempted robbery based on the transcript of the preliminary hearing, the detailed information in the police report, and the testimony of the police officer. The Board finds unconvincing your assertion that the result of the hearing would have been different if the two witnesses had testified.

Street time: The Board rejects your claim that you were prejudiced by the loss of street time. For the reasons stated above, the Board finds that the length of the delay and reasons for the delay in holding your hearing establish no due process violation. You continued in absconder status after you were released from your state sentence and thereby contributed to the delay. The decision to forfeit street time is reasonable, considering your continuing violation of your condition to report to your parole officer and the conviction you sustained less than a year after you were released.

All decisions by the National Appeals Board on appeal are final.

Cc:

---

Taylor 78939-011                                -2-                                Clerk:   DLG