# EXHIBIT N

Case 3:07-cv-05290-PJH   Document 12-15   Filed 01/09/2008   Page 1 of 5

# HEARING SUMMARY

**Name:** Taylor, Jessie                                **Reg No:** 78939-011

### Hearing Parameters

| | |
|---|---|
| Hearing Format | **In Person** |
| Hearing Type | **Revocation (Institutional)** |
| Hearing Date | November 20, 2007 |
| Examiner | Patricia L. Denton |
| Institution | Oklahoma FTC |
| Second Designation | VIM |

### Sentence Parameters

| | |
|---|---|
| Sentence Type | **Federal** |
| MR/Statutory Release Date | 9/13/2009 |
| Full Term Date | 10/13/2010 |
| Months in Custody | 5 as of 11/20/2007 |
| Detainer | None |

### Warrant Parameters

| | |
|---|---|
| Supervision | **Parole** |
| Revoking District & Office | Southern District of California, Oakland Office |
| Warrant Execution Date | 6/29/2007 |
| Probable Cause Date | 8/29/2007 |

**Additional text regarding the above parameters:** None

---

**Prior Action:** See Prehearing Assessment dated August 31, 2007.

**Counsel:** Julie Summer, Federal Public Defender Service

**Witnesses:** None.

**Procedural Considerations:** The subject's attorney objected to the Commission's failure to meet its time limit in this case. As a result it their position that the Commission no long retains Jurisdiction to consider the charges outline in the warrant application. The parole violator warrant was executed on 6/29/2007 and on 7/27/2007; the Preliminary Interview was continued for counsel. The Preliminary Interview was then conducted on 8/2/2007 and probable cause was not found until 8/29/2007. The attorney originally objected under the procedures that the Commission had not met the 90 day time limit

EXHIBIT
N

for an Institutional Revocation Hearing. It was pointed out to the attorney that subject had originally requested a Local Revocation Hearing. However at the end of August, the Commission was notified by his attorney that he had decided that he wanted an Institutional Hearing. At that time, the Commission requested designation from the Bureau of Prisons and he subsequently moved to the Facility in Oklahoma. The subject stated that he got to the FTC approximately one week after the October Revocation Docket. The attorney indicated that the subject had suffered material prejudice sine the violations occurred in 2006 and memories tend to fail due to such a long period since the violation occurred. The examiner overruled the objection. The subject was scheduled for a Local Revocation Hearing in California in October of 2007. On 8/31, the Commission was notified that he wanted to have an Institutional Revocation Hearing and as a result the Commission requested designation based on his request. Based on his request, he was moved to the Transfer Facility in Oklahoma and did not arrive in time for the October, 2007 Docket. If he had still been at the Facility in California when the examiner was there to conduct other hearings, he would have been heard at that time. Although the attorney indicated that there was material prejudice, information provided by this concerning the charges shows that it did not affect his ability to defend himself against the charges outlined in the warrant application.

**Charges:**

**Charge No. 1 - Failure to Report Change in Residence.**
    **Evidence Presented:** The subject denied the above charge. He stated that he has never changed his address and has always lived at the address listed on his monthly report. When the officer came to his residence, it appears that there was a misunderstanding between the officer and his brother. The subject had left the residence to use a phone. There is no phone in his residence and he has to use neighbor's telephones to make outside calls. On the date that he was stay at his apartment to see the probation officer, he went down near an apartment to be near a phone in case the probation officer needed to contact him. The probation officer had called him at that phone number on previous occasions. He was sitting by the door and did not see the probation officer go by. After the time had lapsed and the probation officer did not appear, he did leave a message on the probation officer's phone that he was still waiting for him to visit. He thought that when the probation officer got the message that if he needed to speak to Taylor he would call him. He stated that he continued to submit his monthly reports as he had been instructed and admitted that he did not call the USPO. He felt that since the USPO had not attempted to contact him again that his supervision was in order. He stated that the probation officer had told him not to report to his office that the USPO would come to visit him at home. As a result he had been placed on monthly mailing reports which he continued to do until the time of his arrest. On those reports he continued to put his current address which had not changed and his fiancée and new baby were also living with him at his sister's residence.

The subject's attorney provided declarations from the subject's brother, sister, a neighbor and the landlord at the apartment which indicated that subject did not move and had continuously been at the reported residence. These declarations are including with the hearing documents. The attorney did contact the USPO who verified that he continued to submit his monthly reports after the date of the last attempted contact and that he did not change his reported residence on those reports. The USPO did not try to contact him after they missed each other on the instructed date of 4/19/2006. In addition, there is a statement from his fiancée and also a copy of an emergency room response where subject shows that his address of record is the one which is on his monthly report. The subject was in an adjacent apartment and should have been able to see the USPO since the USPO would walk by that apartment. Photographs of the apartment were provided and also are included with the hearing

documents. The subject has no new arrest and has a new baby. He remained employed during his entire period of supervision which was also verified through a letter.
**Findings of Fact:** This examiner makes no finding concerning the above charge.
**Basis:** There is insufficient evidence.

**Charge No. 2 - Failure to Report to U.S. Probation Officer as Directed.**
  **Evidence Presented:** The subject denied the above charge. He stated that on the first occasion, 4/18/2006 he was sick and contacted the USPO. Apparently the USPO went out to his house and left a report card on the door, which subject indicated that he did not get.

The subject's attorney stated, as outlined in the report left by the probation officer that they did not indicate whether the USPO left the card with a person. The report indicates that no one answered the door and it is likely that the probation officer left the card on the door. The subject denies that he received a card that indicated that he should report and none of his family members told him that they had gotten a card from his USPO. If he had gotten a card to report he would have reported as instructed.
  **Findings of Fact:** This examiner finds that the subject violated the conditions of release as indicated in the above charge.
  **Basis:** Information contained in Violation Report dated 4/27/2006 from USPO Messner and your statements during the hearing.

**Discipline:** None.

**Release Plans:** The subject plans to return to his family in Oakland and live at the same address that he has been staying at as listed in his monthly supervision reports. He does plan to get his job back with his previous employer. He does have a new baby with is fiancée and they plan to remain at the previous residence until he can get his job back and they can get a residence of their own.

## Guideline Parameters

**Severity Justification:**   Category One because it involved Administrative Violations.
**Salient Factor Score:**   2

**Re-parole Guideline Range:**............. 12-16

**Evaluation:** The examiner did not make a finding on due to insufficient evidence. Based on the documents provided by the attorney in this case, it is apparent that subject did not move from his last reported residence. It appears that there was a miscommunication between subject and his USPO which resulted in the probation officer requesting a warrant. Based on the information provided in the documents it is clear that he was at the residence. He admitted that although he was in an adjacent apartment at the time the probation officer told him to be home, he provided an explanation of why he was not inside that apartment and based on the photos it is apparent that it would have been most likely that he could have see the probation officer as he walked by. He did state that he did call the probation officer after the missed appointment and indicated that he was there waiting for him and it is unknown whether the probation officer received that message. It does appear that the probation officer left a card on his door with an instruction for him to report on 4/20/2006. The subject did not receive that card nor did the chronicle entries indicate whether that card was given to a person. Since there's no way to

determine whether or not the subject received the card the examiner only made a finding on his missed report for 4/18/2006. There is no information from the chronicle entries that the probation officer attempted to contact the subject after 4/19/2006 even though the subject continued to submit his monthly supervision reports as required. The subject was instructed by the USPO not to report to the office and that the probation officer would see him in the community. The subject did admit that he did not call the probation officer but felt that if there was a problem the USPO would contact him. He did not receive any letters from the USPO instructing him to report and there were no additional phone calls from the probation officer. The attorney did speak to the probation officer who indicated that the subject did submit his monthly report as required and subject was maintaining stable residence and employment during his supervision. In addition he has not been arrested and the attorney provided numerous documents showing that he had maintained the same residence throughout the time he was in the community.

The examiner is recommending that the violations do not warrant revocation based on the information provided by the subject's attorney and the documents submitted to the Parole Commission by the probation officer. It is recommended that he be reinstated to supervision and that all previous conditions remain in effect. A lengthy discussion of his responsibility during supervision were conducted by the examiner and he is now aware that it is his responsibility to keep in touch with the probation officer regardless of the situation.

**Recommendation:** Violation found is not deemed sufficient for revocation. Reinstate to Supervision. Release from the custody of the warrant dated 5/5/2006.

**Conditions:** All previous ordered conditions remain in affect.

**Statutory Interim Hearing:**

**Guideline Use:**

**Additional Text:**

[Signature]


PLD/PAH
November 27, 2007


**Executive Reviewer's Comments:**