UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff and Respondent,

    v.

JESSIE TAYLOR,

    Defendant and Petitioner.
_____/

No. C 07-5290 PJH/
CR 85-0929 CAL

**ORDER DENYING PETITION FOR HABEAS CORPUS AND MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

Petitioner Jessie Taylor's ("Taylor") petition for writ of habeas corpus and motion to vacate, set aside, or correct his sentence under 28 U.S.C. §§ 2255 and 2241 are currently before the court. For the reasons set forth below, the court DENIES Taylor's petition and motion.

**BACKGROUND**

Taylor is currently on parole after having been convicted of bank robbery under 18 U.S.C. § 2113(a), and sentenced by the Honorable Charles Legge on April 18, 1986 to twenty years imprisonment. At the time that Taylor filed his petition on October 17, 2007, he was in custody at a federal correctional institute in Dublin, California, awaiting a parole revocation hearing.

On February 27, 1998, nearly twelve years after he was sentenced, Taylor was released from custody to supervision as if on parole under 18 U.S.C. § 4163, and was to

remain on supervision until April 9, 2005.  On mandatory release, Taylor was subject to all the requirements that pertain to a parolee.  *See* 18 U.S.C. § 4164 (prisoners on mandatory release under § 4163 must complete their sentences "as if released on parole").

Just months after his release, Taylor violated the conditions of his mandatory release by failing to report a change in his residence and employment to his probation officer, and on August 27, 1998, the United States Parole Commission  ("Commission" or "Parole Commission") issued a warrant for his arrest.  That warrant, however, was never executed because soon thereafter, on September 10, 1998, Taylor was arrested on state law charges for attempted robbery and attempted grand theft after he tried to rob a woman, threatening to kill her with a hammer.  Taylor was subsequently convicted of the charges on January 20, 1999, and sentenced to eighteen months in state custody.

Following his release from state custody, Taylor's federal warrant was amended to include the attempted robbery and attempted grand theft charges.  On December 13, 2002, the Parole Commission held a parole revocation hearing based on the 1998 failure to report charges and the attempted robbery and attempted grand theft charges and conviction.  In a January 9, 2003 decision following the hearing, the Commission revoked Taylor's mandatory release, and ruled that due to the severity of the attempted robbery and attempted grand theft charges, Taylor's "street time" would be forfeited.  Taylor was in federal custody until November 2, 2005, when he was again released on parole.  At the time of release, the Bureau of Prisons recalculated Taylor's sentence expiration date based on his prior forfeiture of "street time," and concluded that Taylor was to remain on supervision until August 3, 2009.

Following his second release, on May 5, 2006, the Commission issued another warrant for Taylor's arrest based on his failure to report a change in residence and for failing to report to his probation officer, and he was taken into custody on June 29, 2007.  Meanwhile, on October 17, 2007, Taylor filed the instant §§ 2255 and 2241 petitions.  On November 30, 2007, the Commission held a revocation hearing, and found that Taylor had failed to report to his probation officer as required, but found that the evidence was

2

insufficient to show that Taylor had changed his residence. The Commission subsequently decided to release Taylor from custody and reinstate his supervision.

Taylor's current petition/motion was originally assigned to the Honorable Jeremy Fogel in this court's San Jose Division, but was subsequently reassigned to the undersigned judge on December 5, 2007. The court issued an order to show cause on December 10, 2007, and the government responded on January 9, 2008. Taylor failed to file a traverse or reply.

## ISSUES

Taylor's petition/motion raises two claims under section 2241 and one claim under § 2255. Pursuant to § 2255, Taylor contends that he received ineffective assistance of counsel when his counsel failed to "block" the severance of his co-defendant. Pursuant to § 2241, Taylor argues: (1) that the Commission violated his due process rights when it extended his parole term; and (2) that the Commission violated his due process rights when it failed to address and resolve parole violation charges against him in a timely manner.

## DISCUSSION

**A.    Section 2255 Claim**

Motions to vacate, set aside or correct a sentence under 28 U.S.C. § 2255 must be filed within one year from the later of: (1) the date the judgment of conviction became final; (2) the date on which an impediment to filing created by governmental action is removed; (3) the date on which a constitutional right is newly-recognized and made retroactive on collateral review; or (4) the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2255. This one-year statute of limitations was enacted as part of AEDPA, and went into effect on April 24, 1996. The Ninth Circuit, along with every other circuit court, has held that prisoners whose claims accrued prior to AEDPA's effective date were entitled to a one-year grace period in which to file their § 2255 motions. *United States v. Valdez*, 195 F.3d 544, 546 (9th Cir. 1999) *overruled on other grounds by Dodd v. United States*, 545 U.S. 353 (2005). Here,

given that he was sentenced in 1986, Taylor's motion would have been due at the expiration of the one-year grace period, April 24, 1997.  Because Taylor has not demonstrated that his § 2255 motion is based on newly discovered evidence or that the government created an impediment to the filing of the motion, his § 2255 motion, which was filed more than ten years after the expiration of the statute of limitations, is therefore time-barred.

**B.     Section 2241 Claims**

   **1.     Parole Commission's 2003 Decision**

At the outset, the court notes that § 2241 claims are not subject to a one-year statute of limitations; and accordingly, there is no timeliness issue with respect to Taylor's § 2241 claims. *See White v. Lambert*, 370 F.3d 1002, 1009 (9th Cir. 2004).

Taylor has not developed his argument other than to state that the Parole Commission violated his due process rights when it extended his parole following his forfeiture of his "street time" served prior to his first parole revocation.

The court's review of the Commission's decision to forfeit petitioner's "street time" is limited to whether the Commission acted outside its statutory authority or committed a constitutional violation. *Rizzo v. Armstrong*, 921 F.2d 855, 858 (9th Cir. 1990). The relevant regulation, 28 C.F.R. § 2.52(c)(2), provides in pertinent part:

> It is the Commission's interpretation of 18 U.S.C. § 4210(b)(2) that, if a parolee has been convicted of a new offense committed subsequent to his release on parole, which is punishable by any term of imprisonment, detention or incarceration in any penal facility, forfeiture of time from the date of such release to the date of execution of the warrant is an automatic statutory penalty, and such time shall not be credited to the service of the sentence. An actual term of confinement or imprisonment need not have been imposed for such conviction; it suffices that the statute under which the parolee was convicted permits the trial court to impose any term of confinement or imprisonment in any penal facility. If such conviction occurs subsequent to a revocation hearing the Commission may reopen the case and schedule a further hearing relative to time for forfeiture and such further disposition as may be appropriate. However, in no event shall the violator term imposed under this subsection, taken together with the time served before release, exceed the total length of the original sentence.

Because there is no dispute that, following his February 27, 1998 release, Taylor was subsequently convicted of attempted robbery and attempted grand theft and

4

sentenced to eighteen months imprisonment, the court concludes that the Commission acted within its authority and did not violate Taylor's right to due process, procedural or substantive, in forfeiting Taylor's "street time."

### 2. May 2006 Parole Violation

Taylor's remaining § 2241 claim is that the Commission violated his due process rights when it failed to address and resolve parole violation charges against him in a timely manner. However, that claim is now mooted by the Commission's November 30, 2007 decision reinstating Taylor's supervision.

## CONCLUSION

For all of the above reasons, Taylor's motion to vacate, set aside or correct sentence and his petition for habeas corpus are DENIED. This order fully adjudicates the matters found at No. 1 of the clerk's docket for C 07-5290 PJH, and terminates all other pending motions. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: May 22, 2008

PHYLLIS J. HAMILTON
United States District Judge